UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ROBERT JOSEPH FEWLESS,                )
                                      )
        Plaintiff,                    )   Case No. 1:05-cv-650
                                      )
v.                                    )   Honorable Gordon J. Quist
                                      )
MICHIGAN DEPARTMENT OF                )
CORRECTIONS et al.,                   )
                                      )
        Defendants.                   )
_____)

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because Defendants are immune and/or Plaintiff fails to state a claim against them.

## Discussion

I.    Factual allegations

Plaintiff is incarcerated in the Southern Michigan Correctional Facility. In his *pro se* complaint, Plaintiff sues the Michigan Department of Corrections (MDOC), Corrections Medical

Services (CMS), and the five prisons where he has been incarcerated over the past three years: the Charles Egeler Facility, the Florence Crane Facility, the E.C. Brooks Facility, the Southern Michigan Facility and the Muskegon Correctional Facility.

Plaintiff makes the following factual allegations in his complaint:

> Throughout my incarceration in the last 3 years, at the facilities listed above, I have experienced several medical problems, which is due to Graves Disease.[1] The initial scan and treatment has been approved several times by CMS, as has the radio-active iodine capsule used to destroy the thyroid, but several delays and rescheduling by the prison, I have yet to be treated. To further complicate matters, this facility doesn't have a doctor or site to discuss my problem with further.

(Compl., 4-5.) Plaintiff appears to seek injunctive relief, as well as monetary damages for his pain and suffering.

## II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

---

[1] Graves' disease is the most common cause of hyperthyroidism, is an autoimmune disease, and has a chronic course with remissions and relapses. *The Merck Manual*, § 2 (17th ed. 1999).

Regardless of the form of relief requested, the states and their departments and agencies are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Michigan Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992). Accordingly, the MDOC and the Defendant prisons sued by Plaintiff are entitled to Eleventh Amendment immunity.

In addition, an express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). Neither a prison nor a state corrections department is a "person" within the meaning of § 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989). Plaintiff, therefore, also fails to state a claim against the MDOC and the Defendant prisons.

The remaining Defendant is CMS. The only reference contained in the complaint concerning CMS is that CMS approved treatment for plaintiff's thyroid disease. There is no allegation of wrongdoing by CMS. Plaintiff attributes the delay in receiving that treatment to the

Defendant prisons. A constitutional violation must be based upon unconstitutional behavior. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). Because Plaintiff fails to allege any specific wrongdoing by CMS, he fails to state a claim against this defendant upon which relief may be granted.

### **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A(b) and 42 U.S.C. § 1997e(c), because Defendants are immune and/or Plaintiff fails to state a claim against them.

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $255 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $255 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated: November 2, 2005         /s/ Gordon J. Quist
                                GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE